MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent, *v.* NATIONAL GRANGE MUTUAL INSURANCE COMPANY, Appellant, et al., Defendants.

First Department, May 26, 1966.

*Benjamin H. Siff* of counsel (*Bower, O'Connor & Taylor,* attorneys), for appellant.

*Edgar T. Schleider* of counsel (*Robert G. Sheller,* attorney), for respondent.

STEUER, J. Defendant-appellant, an insurance company, issued an automobile liability policy to defendant Murray. Murray was involved in an accident with defendant Bermudez and the latter brought suit. Appellant, because of Murray's alleged failure to co-operate on the defense, disclaimed on the policy. It brought an action against Murray, in which it joined Bermudez as a defendant, to declare that it was relieved from further liability on the policy. These defendants defaulted and appellant obtained judgment against them. Bermudez then filed a claim against plaintiff MVAIC and, after arbitration, obtained an award of $1,000. In a suit by MVAIC against the insurer, the latter, on these facts, moved for summary judgment.

We have previously pointed out that a disclaimer by an insurer does not bind MVAIC and, if the latter is compelled to pay an award, it may bring action against the insurer to test

the validity of the disclaimer (*Matter of Rivera* [*MVAIC*], 22 A D 2d 201, 204). Defendant, however, contends that the declaratory judgment sustains the disclaimer against all attack. This contention is erroneous. A declaratory judgment, like any other judgment, is only *res judicata* to the parties to it, and we have had occasion to remark that in this situation MVAIC would not be bound unless it were a party (*United Servs. Auto. Assn. v. Graham,* 21 A D 2d 657, quoting 22 Carmody-Wait, New York Practice, § 26, p. 739). Appellant, however, insists that plaintiff is a subrogee of Bermudez, the injured person, who is bound by the declaratory judgment. This might be effectual if plaintiff could be restricted to this relationship. It is true that we have so denominated it, but that was merely a descriptive term rather than a considered classification. Actually plaintiff derives its rights from the statute creating it, and not from the jural consequences of the facts (*Matter of Durant* [*MVAIC*], 20 A D 2d 242, mod. 5 N Y 2d 408). As the statutory plan is to require MVAIC to compensate only those who are not covered by insurance it would be inherent in that plan that, if the absence of insurance was apparent rather than real, the insurer rather than MVAIC should bear the cost.

It is very likely that the situation here presented will not recur. The law regarding this particular agency is receiving intensive application and its procedures are daily evolving into their definitive forms. It is now determined that MVAIC does not have to proceed to arbitration unless it has judicially been determined that the car involved is actually uninsured (*Matter of MVAIC* [*Malone*], 16 N Y 2d 1027). The opportunity thereby afforded for a determination binding on all parties should obviate any necessity for the disjointed proceedings which have characterized this type of litigation.

The order denying summary judgment should be affirmed, with costs and disbursements.

McNALLY, J. (dissenting). I dissent and vote to grant summary judgment.

The judgment entered February 18, 1963 in favor of defendant-appellant National Grange Mutual Insurance Company (National) is an impediment to the present action of plaintiff-respondent Motor Vehicle Accident Indemnification Corporation (MVAIC) challenging the disclaimer, which was sustained by said judgment. MVAIC has no greater rights than the claimant or National's insured. Their rights deriving from National's liability policy were terminated by the prior judgment. The Insurance Law does not afford MVAIC any independent right

against National. The prior judgment precludes this action, which constitutes a collateral attack thereon. MVAIC had the opportunity to litigate the validity of the disclaimer before a court, prior to arbitration. (See *Matter of MVAIC* [*Malone*], 16 N Y 2d 1027.) MVAIC's remedy, if any, is limited to an appropriate application in the prior action.

BOTEIN, P. J., and STEVENS, J., concur with STEUER, J.; McNALLY, J., dissents in opinion.

Order entered on June 7, 1965 affirmed, with $50 costs and disbursements to the respondent.